IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 99-40059 |
| ) | |
| BRIAN T. WILLIAMS ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant Brian T. Williams' ("Williams") Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2). For the reasons that follow, Williams' Motion [#66] is DENIED and the Government's Motion [#67] is GRANTED.

BACKGROUND

On December 6, 1999, Williams pled guilty to one count of conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 846. On September 22, 2000, Williams was sentenced pursuant to a stipulated sentencing agreement to 240 months imprisonment and three years of supervised release. Williams was also ordered to pay a $100 special assessment. Williams' guilty plea included a waiver of his right to direct appeal and therefore Williams did not file a direct appeal with the Court of Appeals.

On March 5, 2001, Williams filed a Motion to Withdraw Constitutionally Invalid Guilty Plea and subsequently filed a Motion to Add Amendments to his 28 U.S.C. § 2255 motion. The Court construed Williams' pleading as a motion to set aside his sentence pursuant to 28 U.S.C. §

2255. The Court denied the motion finding that Williams' had waived his right to collaterally attack his sentence in his sentencing agreement and during the sentencing colloquy and that Williams had failed to demonstrate that his counsel was ineffective in negotiating his plea.

On July 2, 2001, Williams filed a Motion to Amend Judgment Pursuant to Rule 59(e). The Court denied the Motion finding that Williams had failed to set forth a manifest error of law or fact that would provide the Court with any basis to amend its previous decision. Williams appealed the Court's ruling on his Rule 59(e) motion and filed a Motion for a Certificate of Appealability. This Court declined to issues a Certificate of Appealability finding that Williams waived his right to pursue collateral relief and "no claims before the court [came] close to presenting issues debatable among jurists of reason."

Williams then filed a Pro Se Petition for a Certificate of Appealability directly to the Seventh Circuit on October 23, 2001. The Seventh Circuit denied the Motion on November 21, 2001.

On June 27, 2003, Williams filed a Pro Se Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 and Amendment 591 to the United States Sentencing Guidelines. Construing Williams' motion as a second or successive 28 U.S.C. § 2255 motion, this Court dismissed Williams' motion for lack of jurisdiction because Williams had not received authorization to bring a second or successive § 2255 motion from the Seventh Circuit Court of Appeals. Williams filed a Notice of Appeal of the Court's decision on July 28, 2003. The Seventh Circuit issued an Order denying Williams' request stating "the district court correctly construed the filing as an unauthorized § 2255 motion and dismissed it. Because Williams's motion is actually a collateral attack, he cannot proceed without a certificate of appealability."

On March 26, 2004, Williams filed an application with the Seventh Circuit for an order authorizing the district court to consider a second or successive § 2255 motion. The Seventh Circuit dismissed the motion as unnecessary. Relying on *Castro v. United States,* 540 U.S. 375 (2003), the Court of Appeals found that this Court properly advised Williams that it was going to construe his motion as his initial § 2255 motion; however, this Court failed to warn Williams of the limitations that could result on any future attempts to file a second or successive § 2255 motion. Accordingly, the Court of Appeals found that Williams' June 2003 motion did not count as an initial § 2255 motion for purposes of paragraph 8 of § 2255.[1]

On June 17, 2004, Williams filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Williams alleged that his counsel was ineffective in negotiating the sentencing agreement and waiver provisions of the sentencing agreements. This Court denied the motion on July 19, 2004. The Court found that even if the Seventh Circuit's opinion resurrected Williams' June 2003 motion, nothing in the Court of Appeals Order relieved Williams of the responsibility for bringing his § 2255 motion within one year of the day that his conviction became final. Williams appealed this Court's order and both this Court and the Seventh Circuit denied Williams' requests for a Certificate of Appealability.

---

[1] Paragraph 8 of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255, ¶ 8.

On April 10, 2006, Williams filed the instant Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 of the United States Sentencing Guidelines. In the motion, Williams cited *Castro v. United States* as support for his argument that this Court should not construe the instant motion as a motion pursuant to § 2255. Williams argues that Amendment 591 entitles him to relief because he did not have a formal plea agreement and his indictment did not contain a drug amount. The Government responded to Williams' motion arguing that (1) Williams' motion is essentially a second or successive § 2255 motion; (2) the motion is untimely; and (3) Williams waived his right to collaterally attack his sentence in his sentencing agreement and sentencing colloquy.

## DISCUSSION

In light of the Seventh Circuit's recent decision in *Yanez v. United States,* Case No. 05-4212 (7th Cir., January 26, 2006), this Court agrees with Williams that his § 3582 petition should not be construed as a motion pursuant to 28 U.S.C. § 2255. Petition Yanez filed a Motion to Modify his Sentence pursuant to 18 U.S.C. § 3582 and Amendment 591 in this Court. This Court construed the motion as a second or successive § 2255 motion filed without authorization and dismissed the motion for lack of jurisdiction. The Seventh Circuit vacated and remanded that decision finding that "a motion under § 3582(c)(2) is not a collateral attack of any kind, and consideration of a request under that statute does not require [the Court of Appeals'] permission." Although the decision in *Yanez* appears to contradict the Seventh Circuit's order in this case dated September 19, 2003, where the Court found that a motion pursuant to 18 U.S.C. § 3582(Cc)(2) and Amendment 591 was properly considered as a second or successive § 2255 motion requiring authorization from the Court of Appeals, the *Yanez* decision is more recent and

therefore is controlling.[2]  Accordingly, the Court will proceed to address the merits of Williams' motion.

*Williams* argues that he is entitled to relief because Amendment 591 modified the Sentencing Guidelines and was made retroactive to his case. Amendment 591, made effective November 1, 2000, was not in effect when Williams was initially sentenced on September 22, 2000. However, Amendment 591 does appear on the list of retroactively applicable sentencing guideline amendments set forth in USSG § 1B1.10(c), making it available for consideration in conjunction with § 3582(c)(2). Nonetheless, Amendment 591 does not provide Williams with any relief.

Section 1B1.1 of the Sentencing Guidelines Manual, entitled "Application Instructions," provides the step-by-step process for determining a defendant's sentence. The first step is to determine the offense guidelines of Chapter Two applicable to the defendant. Section 1B1.2 provides additional assistance with this step, by instructing the court to utilize the Statutory Index (found in Appendix A) to locate the statute that a defendant has been found guilty of violating. The Statutory Index then directs the court to a particular offense guideline section located in Chapter Two of the manual. The second step is to use that guideline section of Chapter Two to determine the defendant's base offense level. The third step is to apply any appropriate adjustments from relevant sections of Chapter Three. The court is then instructed to determine the defendant's criminal history category and any applicable adjustments from Chapter 4. Finally, the court utilizes Chapter 5 to determine the guideline range.

---

[2] Although this Court finds that the *Yanez* holding is controlling, the fact that the decision was an unpublished decision makes this Court somewhat less confident in its reliance on its holding. However, even if this Court were to find that Williams' instant motion was a collateral attack on his conviction, the motion would be dismissed for lack of jurisdiction. As neither theory offers Williams any relief, the Court presumes that it is correct to rely on the holding in *Yanez* and finds that this motion is a direct, and not a collateral, attack on Williams' conviction.

Prior to Amendment 591, the Circuit courts were conflicted as to whether, in completing the first step, a court could use a defendant's *conduct,* rather than the Statutory Index organized by *offense of conviction,* to determine which guideline section of Chapter Two to apply. For example, some courts were applying the guidelines set forth in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) when underlying facts existed indicating that the defendant involved a juvenile in a drug sale, even though the Statutory Index entry for the offense the defendant was actually *convicted of* did not direct the court to use § 2D1.2. As explained in the comments accompanying Amendment 591, the amendment adjusted the language of § 1B1.1 and § 1B1.2 to make clear that a court "must apply the offense guideline referenced in the Statutory Index for the statute of conviction," unless a limited exception applied. USSG App. C, vol. II, at 31.

Williams claims that the Court did not properly calculate his offense level because his indictment did not contain a drug quantity. However, Williams fails to recognize that Amendment 591 does not address the issue he presents. Amendment 591 *only* affects the starting point for the Court's analysis. According to Amendment 591, the Court must begin its analysis by referring to the Statutory Index. Here, a review of the Pre-Sentence Report indicates that the Court properly referred to the Statutory Index. The Pre-Sentence Report states:

> **Base Offense Level:** The guidelines for a violation of 21 U.S.C. § 846 is U.S.S.G. § 2D1.1.

(Williams' Pre-Sentence Report at 9.) Amendment 591 cannot possibly offer Williams any relief because his sentence was imposed in compliance with the later mandate of Amendment 591. The Court applied § 2D1.1 as the Chapter 2 offense guideline for Williams' crime. That is all that Amendment 591 requires. Because the Court adhered to the requirements of Amendment 591, 18 U.S.C. § 3582(c)(2) does not entitle Williams to any relief.

6

## CONCLUSION

For the reasons set forth above, Williams' Motion to Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2) [#66] is DENIED and the Government's Motion to Dismiss Williams' Motion is [#67] is GRANTED.

ENTERED this 20th day of June, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge
